IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

2006 MAR 22  A  9: 47

| | |
|---|---|
| MAKITA TOWNSEND, Individually, and as mother and next best friend of ADRIAN JUDKINS, JR. And mother and next best friend of KENTARIUS TOWNSEND; and VALENCIA RODGERS as legal guardian of KAVOSEYAE RODGERS; and ANESSA JUDKINS as mother and next best friend of ALONZO JONES, | ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) ) |
| **PTL Pascall Truck Lines Inc. et al.,** | ) ) |
| **Defendants.** | ) |

Case No.:  2:06 cv 263 - CSC
**Removed from Circuit Court of Montgomery County CV 2006-515**

---

### REMOVAL PETITION

---

COMES NOW the Defendant, **Paschall Truck Lines, Inc.**, (hereinafter "Defendant"), and files its Notice of Removal and shows unto the Court as follows:

1.      The Plaintiffs filed this action in the Circuit Court of Montgomery County, Alabama, on or about February 24, 2006, as Civil Action No: CV 2006-515. This removal petition is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the time allowed by law for the removal of actions to United States District Court. The documents attached hereto as "Exhibit 1", is a courtesy copy of the Complaint provided by Plaintiff's counsel.

2.      The Defendant files this notice of removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days of the day the

-1-

Defendant received a copy of, or otherwise received notice of, the summons and complaint in this action. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

3.      Pursuant to 28 U.S.C. § 1446(d), the Defendant shows that a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama. Further, the Defendant represents to this Court that a copy of this notice of removal is also being served upon counsel for the Plaintiffs.

4.      Complete diversity exists between the parties to this action. The Plaintiffs, Makita Townsend, Valencia Rodgers, and Anessa Judkins are all residents and citizens of the State of Alabama. (Compl. ¶¶ 1-3). Defendant Paschall Truck Lines, Inc., is incorporated in the State of Kentucky with its principle place of business in Murray, Kentucky. Therefore, Paschall Truck Lines, Inc., is not a citizen of the State of Alabama, but is a citizen of the State of Kentucky for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Without waiver of any defenses or objections, including but not limited to, improper service of process, venue, or lack of personal jurisdiction, the Defendant submits this notice of removal.

5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 (a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00), inclusive of interest and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the Plaintiffs' complaint. *See Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, the Plaintiffs' complaint does not specify a total amount of damages, but seeks compensatory and punitive damages. According to Eleventh Circuit Court of Appeals case law, when the plaintiffs does not specify a monetary amount of damages in the complaint, the defendant "bears a lighter burden to prove merely by a preponderance of the evidence that the amount in controversy more likely than not exceeds the

-2-

jurisdictional amount." *Lindsay*, 133 F. Supp. 2d at 1266.  The Defendant avers that based upon the damages alleged in the Plaintiffs' complaint, the preponderance of the evidence indicates that the amount in controversy in this cause exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00), exclusive of interest and costs.  Plaintiffs' complaint alleges that the Plaintiffs were caused bodily injuries.  Moreover, the Plaintiffs have demanded settlement of this lawsuit in the total amount of $355,000.00. (See settlement demand letter from Plaintiffs' counsel to defense counsel dated November 7, 2005, attached hereto as Exhibit 2).

  6. When ascertaining a case's amount in controversy, "state law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce. This includes applying state law rules regarding the applicable measure of damages and the availability of special and punitive damages." *Lindsay*, 133 F. Supp. 2d at 1277.

  7. Under Alabama law, "there is no fixed standard for the ascertainment of compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject only to the correction of the court for clear abuse or passionate exercise." *Duck Head Apparel Co., Inc. v. Hoots*, 659 So. 2d 897 (Ala. 1995); *see also Alabama Power Co. v. Harmon*, 483 So. 2d 386 (Ala. 1986).

  8. Additionally, in *Merritt v. Roberts*, 481 So. 2d 909 (Ala. Civ. App. 1985), the Court held:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, ... Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages can be measured.

*see also Pierce v. Strickland Paper Co.*, 653 So. 2d 306 (Ala. Civ. App. 1994) (stating that "[t]rial court erred when it increased the damages for pain and suffering, because it has not fixed and

exact standard by which to measure those damages"); *Jones v. Butts*, 646 So. 2d 104 (Ala. Civ. App. 1994).

      9.     In addition to compensatory damages, the Plaintiffs could also recover punitive damages as sought in the Plaintiffs' complaint. According to Alabama statutory law, a plaintiff can recover punitive damages by presenting clear and convincing evidence of wantonness or otherwise egregious conduct. *See* ALA. CODE § 6-11-20 (1975). The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy as a general rule if they are legally recoverable." *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986). Because the Plaintiffs have requested a punitive damage award, this Court should consider the potential award of such damages when deciding whether the Defendant has satisfied the amount in controversy requirement. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir.1977) (quoting *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 64 S. Ct. 5, 6, 88 L. Ed. 15, 18 (1943)).

      10.    In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in the Plaintiffs' complaint, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). Defendant does not admit or contend that it is liable to the Plaintiffs and does not admit or contend that Plaintiffs' damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Instead, the Defendant reasonably believes that based upon the legal theories asserted in the Plaintiffs' complaint, and the applicable Alabama law governing damages under those theories, the Plaintiffs will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this

cause.

11.    The Defendant cannot be deprived of its right to remove this cause to the United States District Court by Plaintiffs' failure to demand a specific monetary figure. *See Steele v. Underwriter's Adjusting Co., Inc.*, 649 F. Supp. 1414 (M.D. Ala. 1986).

12.    In the event the Plaintiffs dispute that the amount in controversy exceeds the jurisdictional requisite, the Defendant requests leave to conduct discovery to determine the extent of the Plaintiffs' claim to damages.

13.    There are fictitious party defendants designated in the complaint.  However, 28 U.S.C. § 1441(a) provides that "for purpose of removal under this Chapter, the citizenship of defendants sued under fictitious name shall be disregarded."

14.    The events complained of in this complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction and there is complete diversity of citizenship between the real parties at interest, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, the Defendant gives notice that the above-action now pending in the Circuit Court of Montgomery County, Alabama, is removed therefrom to this Court.

Thomas/L. Oliver, II (OLI013)
Lea Richmond, IV (RIC062)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by United States mail, properly addressed and postage prepaid, on the day of March, 2006, as follows:

M. Todd Wheeles, Esq.
**MORRIS, HAYNES & HORNSBY**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243

OF COUNSEL

-6-