IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| MAKITA TOWNSEND, Individually, and as mother and next best friend of ADRIAN JUDKINS, JR. And mother and next best friend of KENTARIUS TOWNSEND; and VALENCIA RODGERS as legal guardian of KAVOSEYAE RODGERS; and ANESSA JUDKINS as mother and next best friend of ALONZO JONES,<br><br>      Plaintiffs,<br><br>v.<br><br>PTL Pascall Truck Lines Inc. et al.,<br><br>      Defendants. | Case No.:   2:06cv263-CSC<br>Removed from Circuit Court of<br>Montgomery County CV 2006-515 |

## ANSWER

COMES NOW the Defendant, **Paschall Truck Lines, Inc.**, (hereinafter "Defendant"), and for Answer to the Complaint separately and severally sets down and assigns the following defenses:

### STATEMENT OF THE PARTIES

1. Upon information and belief, the Defendant admits that Makita Townsend, at all times relevant to this action, resided in Montgomery County, Alabama. The Defendant is without sufficient knowledge or information to either admit or deny the remaining material allegations contained in paragraph 1 such that same are hereby denied, and the Defendant demands strict proof thereof.

2. Upon information and belief, the Defendant admits that Valencia Rodgers, at all times relevant to this action, resided in Montgomery, Alabama. The Defendant is without sufficient

knowledge or information to either admit or deny the remaining material allegations contained in paragraph 2 such that same are hereby denied, and the Defendant demands strict proof thereof.

3. Upon information and belief, the Defendant admits that Anessa Judkins, at all times relevant to this action, resided in Montgomery, Alabama. The Defendant is without sufficient knowledge or information to either admit or deny the remaining material allegations contained in paragraph 3 such that same are hereby denied, and the Defendant demands strict proof thereof.

4. The Defendant admits the averments contained in paragraph 4.

5. The Defendant is without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 5 such that same are hereby denied, and the Defendant demands strict proof thereof.

6. The Defendant is without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 6 such that same are hereby denied, and the Defendant demands strict proof thereof.

7. The Defendant is without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 7 such that same are hereby denied, and the Defendant demands strict proof thereof.

8. The Defendant avers that the allegations contained in paragraph 8 do not require a response from this Defendant. However, to the extent the allegations contained in paragraph 8 can be construed, either directly or indirectly, against this Defendant, same are hereby denied, and the Defendant demands strict proof thereof.

## STATEMENT OF FACTS

9. The Defendant admits that a motor vehicle collision occurred at or near the time and place described in paragraph 9. However, the Defendant denies the remaining material allegations contained in paragraph 9 and demands strict proof thereof.

10. The Defendant is without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 10 such that same are hereby denied, and the Defendant demands strict proof thereof.

11. The Defendant denies the material allegations contained in paragraph 11 and demands strict proof thereof.

12. The Defendant denies the material allegations contained in paragraph 12 and demands strict proof thereof.

### COUNT ONE

13. The Defendant hereby adopts and incorporates by reference the foregoing paragraphs as if fully stated herein.

14. The Defendant denies the material allegations contained in paragraph 14 and demands strict proof thereof.

15. The Defendant denies the material allegations contained in paragraph 15, including subparts A through E, and demands strict proof thereof.

The Defendant denies that the Plaintiffs are entitled to the relief requested in this unnumbered paragraph and demands strict proof thereof.

### COUNT TWO

16. The Defendant hereby adopts and incorporates by reference the foregoing paragraphs as if fully stated herein.

17. The Defendant denies the material allegations contained in paragraph 17 and demands strict proof thereof.

18. The Defendant admits the averments contained in paragraph 18.

19. The Defendant denies the material allegations contained in paragraph 19 and demands strict proof thereof.

20. The Defendant denies the material allegations contained in paragraph 20, including subparts A through E, and demands strict proof thereof.

The Defendant denies that the Plaintiffs are entitled to the relief requested in this unnumbered paragraph and demands strict proof thereof.

## COUNT THREE

21. The Defendant hereby adopts and incorporates by reference the foregoing paragraphs as if fully stated herein.

22. The Defendant denies the material allegations contained in paragraph 22 and demands strict proof thereof.

23. The Defendant denies the material allegations contained in paragraph 23, including subparts A through E, and demands strict proof thereof.

The Defendant denies that the Plaintiffs are entitled to the relief requested in this unnumbered paragraph and demands strict proof thereof.

## COUNT FOUR

24. The Defendant hereby adopts and incorporates by reference the foregoing paragraphs as if fully stated herein.

25. The Defendant denies the material allegations contained in paragraph 25, including subparts A through E, and demands strict proof thereof.

The Defendant denies that the Plaintiffs are entitled to the relief requested in this unnumbered paragraph and demands strict proof thereof.

## FIRST DEFENSE

The Defendant pleads the general issue and says that it is not guilty of the matters with which it is charged in the complaint and demands strict proof thereof.

## SECOND DEFENSE

The complaint fails to state a claim against one or more Defendants upon which relief can be granted.

## THIRD DEFENSE

The Defendant pleads insufficient process and/or insufficient service of process.

## FOURTH DEFENSE

The Defendant denies that it is guilty of negligence as alleged in the complaint and demands strict proof thereof.

## FIFTH DEFENSE

The Defendant denies that it is guilty of any wantonness or other wrongful conduct as alleged in the complaint and demands strict proof thereof.

## SIXTH DEFENSE

The Defendant avers that there is no causal connection or relationship between any alleged negligence (or other wrongful conduct) on the part of this Defendant and the alleged injuries or damages contained in the complaint.

## SEVENTH DEFENSE

The Defendant claims as a set off any monies received by, or paid on behalf of, the Plaintiffs for the acts or injuries alleged in Plaintiffs' complaint, including insurance proceeds or settlements of any kind.

## EIGHTH DEFENSE

The Defendant avers that the Plaintiffs' claims are barred by the intervening or superseding negligence of others over whom this Defendant had no control.

## NINTH DEFENSE

The Defendant pleads spoliation of evidence.

## TENTH DEFENSE

The Defendant pleads contributory negligence.

## ELEVENTH DEFENSE

The Defendant pleads sudden emergency.

## TWELFTH DEFENSE

The Defendant pleads laches, waiver and estoppel.

## THIRTEENTH DEFENSE

The Defendant pleads assumption of the risk.

## FOURTEENTH DEFENSE

The Defendant pleads that some or all of the Plaintiffs' claims are barred because the Plaintiffs failed to mitigate damages.

## FIFTEENTH DEFENSE

Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## SIXTEENTH DEFENSE

Plaintiffs' complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. Same also violates Defendant's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### SEVENTEENTH DEFENSE

  Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

### EIGHTEENTH DEFENSE

  Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to the Defendant under the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### NINETEENTH DEFENSE

  Any award of punitive damages to the Plaintiffs in this case would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTIETH DEFENSE

  Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, the Defendant are entitled to the same procedural safeguards afforded to criminal defendants.

### TWENTY-FIRST DEFENSE

  It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SECOND DEFENSE

_____It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

_____It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose against the Defendant punitive damages, which are penal in nature, by requiring a burden of proof by Plaintiffs, which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY-FOURTH DEFENSE

_____Any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment of the United States Constitution in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-SIXTH DEFENSE

_____The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights to order, liberty, and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal

constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based upon the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective, and specific standard for appellate review for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SEVENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments V and XIV of the United States Constitution and deprives Defendants of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTY-EIGHTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

**TWENTY-NINTH DEFENSE**

The Defendant pleads any other matter constituting an avoidance or affirmative defense.

        s/ Lea Richmond, IV
        Thomas L. Oliver, II (OLI013)
        Lea Richmond, IV (RIC062)
        Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 17, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

M. Todd Wheeles, Esq.
**MORRIS, HAYNES & HORNSBY**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243

        s/ Lea Richmond, IV
        OF COUNSEL