IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| MAKITA TOWNSEND, Individually, and as mother and next best friend of ADRIAN JUDKINS, JR. and mother and next best friend of KENTARIUS TOWNSEND; and VALENCIA RODGERS as legal guardian of KAVOSEYAE RODGERS; and ANESSA JUDKINS as mother and next best friend of ALONZO JONES, <br><br> Plaintiffs, <br><br> v. <br><br> PTL Pascall Truck Lines Inc. et al., <br><br> Defendants. | Case No.:    2:06cv263-CSC |

## PARTIES' JOINT RESPONSE TO SHOW CAUSE ORDER REGARDING FAILURE TO FILE A RULE 26(f) REPORT

COME NOW the parties, Plaintiffs and Defendant, by and through their respective undersigned counsel of record, and in response to the Court's Order to show cause why the parties should not be sanctioned for their failure to file a FED. R. CIV. P. 26(f) report, say unto the Court as follows:

1.    The motor vehicle accident made the basis of this litigation occurred on or about March 25, 2005. The accident involved a Mitsubishi SUV and a tractor-trailer. The Mitsubishi had several occupants at the time of the accident including Makita Townsend and the above-designated minors. Mr. Amonza Williams, an adult, also rode in the Mitsubishi at the time of the subject accident.

-1-

2. Mr. Williams filed a separate lawsuit that is currently pending before United States Magistrate Judge Susan Russ Walker, Civil Action No. 2:05CV890-W.

3. The Plaintiffs filed this suit in Montgomery County Circuit Court on or about February 24, 2006, and the Defendant removed the action to this Court on March 22, 2006. Once the Plaintiffs obtained proper service on the Defendant, the Defendant filed an Answer on or about May 17, 2006.

4. The Court entered a Rule 26(f) Order on May 24, 2006, directing the parties to file a Report of the Parties Planning Meeting by June 14, 2006.

5. During the time-frame outlined above, all counsel in both the *Williams* and *Townsend* litigation worked to schedule a "global" mediation whereby all interested parties to both pieces of litigation could hopefully resolve all of their claims/disputes.

6. On or about May 30, 2006, all parties having an interest in the subject accident confirmed a mediation with Judge Art Hanes. (See correspondence from Judge Art Hanes, dated May 30, 2006, and attached hereto as Exhibit 1 for the Court's reference).

7. A "global" mediation is currently scheduled for July 21, 2006.

8. The parties failure to file a Report of the Parties Planning Meeting was an oversight, which shall be promptly corrected. However, the parties would show unto the Court that they have conferred and endeavored since the outset of this litigation to schedule a mediation that would resolve both pieces of litigation, which is consistent with Rule 26(f)'s instruction that the parties are to "consider...a prompt settlement or resolution of the case." FED. R. CIV. P. 26(f).

WHEREFORE, THESE PREMISES CONSIDERED, the parties jointly pray that this Honorable Court not issue sanctions because the parties have scheduled a prompt mediation at the outset of litigation, which is consistent with the spirit and intent of FED. R. CIV. P. 26(f).

_/s/ M. Todd Wheeles_
M. Todd Wheeles
Attorney for Plaintiffs

**MORRIS, HAYNES & HORNSBY**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243
Telephone:   (205) 324-4008
Facsimile:   (205) 324-0803

_/s/ Lea Richmond, IV_
Lea Richmond, IV
Attorney for Defendant

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057